UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY JAY FISHER, II,

        Plaintiff,

        v.                                              Case No. 23-cv-1165-bhl

JOHN SCHINZLER, et al

        Defendants.

## SCREENING ORDER

        On September 1, 2023, Timothy Jay Fisher II, proceeding *pro se* and currently incarcerated at Milwaukee Secure Detention Facility, filed a complaint against John Schinzler, Shannon Jashek, Madison Janzen, and Lilly Janzen. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. 28 U.S.C. § 1915(a)(1), (e)(2).

### THE MOVANT'S INDIGENCY

        Fisher has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). As required under 28 U.S.C. § 1915(a)(2), Fisher has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $11.52. Fisher's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING THE COMPLAINT

        In screening a *pro se* complaint to determine whether the action is frivolous, fails to state a claim, or is brought against an immune defendant, the Court applies the liberal pleading standards

embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Fisher's complaint names John Schinzler, Shannon Jashek, Madison Janzen, and Lilly Janzen as defendants. (ECF No. 1 at 1.) He does not suggest that any of them work for the state of Wisconsin or a local municipality. Fisher does allege that Schinzler lives in Greenfield, WI, and Fisher himself lives in Milwaukee, WI. (*Id.*)

Fisher claims that "[i]n the early evening hours of June 7th 2023," the defendants, Shannon Jashek, Madison Janzen, and Lilly Janzen "physically assault[ed]" both Fisher and his father. (*Id.* at 2.) He alleges that "the altercation stemmed from an argument over the plaintiff's sexual orientation." (*Id.* at 3.) The defendants pushed Fisher Sr. to the ground then "order[ed] their dog, a 100lb pit-bull mastiff, to attack." (*Id.* at 2.) Fisher then "struggled to pull the dog off his father," but the defendants "again ordered their dog to attack," and this time, "caus[ed] great bodily harm."

(*Id.*)  Fisher took his father to the hospital.  (*Id.* at 3.)  There, the defendants "did in fact slash the tires" of his truck.  (*Id.*)  Fisher also alleges that Defendant John Schinzler had "knowledge of the vicious dog on the premises since late Feb 2023, but made no attempt to have the dog removed before the attack occurred."  (*Id.*)

Fisher confirms that he is suing for a violation of federal law under 28 U.S.C. § 1331.  (*Id.* at 4.)  Fisher seeks $100,000 "concerning Shannon Jashek and her daughters Madison and Lilly Janzen," in addition to forfeiture of "Property ID No. 489985800" from John Schinzler.  (*Id.*)

**ANALYSIS**

Fisher's complaint cannot survive screening because his allegations are insufficient to state a claim under federal law against any of these defendants.  As stated above, a complaint satisfies Federal Rule of Civil Procedure 8(a) when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim.  *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Fisher indicates in his complaint that he wishes to proceed against the defendants under federal law.  Under 42 U.S.C. § 1983, Fisher is entitled to pursue claims for alleged violations of his federal constitutional rights, but, to state a claim under this statute, he must "allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).  Fisher's complaint fails under the second part of this rubric—the defendants that he names do not appear to have acted under color of state law.  "The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)).  Fisher does not allege facts from which it could reasonably be inferred that any defendant acted under color of law.  Discrimination on the basis of sexual orientation and battery on those grounds are both abhorrent, but they are not enough, without a party acting under color of state law, to confer federal jurisdiction.

Fisher's factual allegations may be sufficient to state claims under Wisconsin state law. But this Court's jurisdiction over state-law claims is limited. Under the Court's diversity jurisdiction, it can decide cases in which a matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). Diversity must be "complete." In other words, "no party on the plaintiff's side of the suit [can share] citizenship with any party on the defendant's side." *See Page v. Democratic Nat'l Committee*, 2 F.4th 630, 636 (7th Cir. 2021) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1988)). Because Fisher alleges that both he and Defendant Schinzler reside in Wisconsin, (ECF No. 1 at 1), the parties are not diverse. Accordingly, even if Fisher had elected to proceed under state law, this Court would not have jurisdiction to decide the case.

Because Fisher is proceeding without a lawyer, the Court will allow him a chance to try to correct these defects (although it appears the problems may be ones that cannot be corrected). If Fisher wants to proceed with this lawsuit in federal court, he must file an amended complaint by **November 20, 2023** that cures the deficiencies identified in this decision. Fisher should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Fisher should set forth his allegations in short and plain statements. Fisher should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Fisher may also wish to consider proceeding with his state law claims in Milwaukee County Circuit Court, where he would not face the jurisdictional hurdles discussed in this decision.

If he files an amended complaint, Fisher is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the Court will dismiss this case based on Plaintiff's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 20, 2023**, Fisher shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Fisher a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 23, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge